**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MICHAEL L. JOHNSON, <br>     Plaintiff, | Case No. 1:20-cv-157 |
| | McFarland, J. |
| vs | Litkovitz, M.J. |
| BRYAN LAWLESS, <br>     Defendant. | **ORDER AND REPORT <br> AND RECOMMENDATION** |

      Plaintiff, an inmate at the Toledo Correctional Institution, filed a pro se civil rights complaint and supplemental complaint against defendant corrections officer Bryan Lawless, in his official and individual capacities, for alleged violations of plaintiff's First and Eighth Amendment rights while plaintiff was housed at the Southern Ohio Correctional Facility. (*See* Doc. 1-2; Doc. 1-3).[1] However, because it was unclear whether plaintiff had signed the complaints, the Court returned them to plaintiff and directed him to sign them should he wish to continue with this action. (Doc. 3). *See* Fed. R. Civ. P. 11. Plaintiff has now signed and returned the complaints. (*See* Doc. 4). Plaintiff has also submitted another document (Doc. 6) that the Court construes as a second supplemental complaint. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

      This matter is before the Court for a s*ua sponte* review of the complaint, as supplemented, to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

---

[1] The Court understands the complaint, as supplemented, to be filed under 42 U.S.C. § 1983. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights ... secured by the Constitution and laws.' ") (footnote omitted).

I. **Screening of Complaint**

A. **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token,

2

however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B. **Plaintiff's Allegations**

Plaintiff alleges that on March 10, 2018, defendant Lawless and corrections officer Bailey, who is not named as a defendant,[2] conducted a search of plaintiff's cell. (Doc. 4, at PageID 40; Doc. 6, at PageID 54). Plaintiff alleges that Lawless told plaintiff to "cuff up" for

---

[2] A number of plaintiff's allegations are asserted against non-defendant third parties. To the extent that plaintiff asserts claims against non-defendants, those claims are subject to dismissal.

3

the search, which plaintiff did. (Doc. 4, at PageID 40) Plaintiff alleges that after he was cuffed and out of the cell Lawless grabbed the cuffs and told plaintiff to step aside for a pat down. (*Id*.). During the pat down, Lawless allegedly maliciously knocked plaintiff off balance and pushed him forward, "ramming" plaintiff's face against the wall and causing injury. (*Id*.).

Lawless allegedly continued to push plaintiff while he had his hands cuffed behind his back and was trying to put on his shower shoes, knocking plaintiff against the wall. (*Id*. at PageID 42; Doc. 6, at PageID 54). Plaintiff further alleges that Lawless pushed plaintiff down the range to the shower and pulled his handcuffed hands up to his shoulders. (Doc. 4, at PageID 42; Doc. 6, at PageID 54-55). Lawless then allegedly forced plaintiff into the shower. (Doc. 4, at PageID 42; Doc. 6, at PageID 54-55).

Although not entirely clear, plaintiff also alleges that Lawless used racial slurs and threatened to use "excessive force" if plaintiff filed a lawsuit. (Doc. 4, at PageID 42). Plaintiff alleges that Lawless threatened physical force against plaintiff "for exercise of his right to seek redress from the prison through use of the prison grievance system" (*id*., at PageID 43), and that Lawless made threats during a use-of-force hearing and while passing out lunch trays (Doc. 6, at PageID 53). Plaintiff also asserts that Lawless falsified conduct and use-of-force reports, causing plaintiff to be placed in segregation; that non-defendant "medical staff" falsified a medical exam concerning the alleged March 10, 2018 incident; and that non-defendant "unit staff brought grievance two weeks old." (*Id*.).

For relief, plaintiff seeks declaratory and monetary relief. (Doc. 4, at PageID 41).

**C.     Analysis**

Liberally construed and without the benefit of briefing by the parties, the complaint is deserving of further development and may proceed at this juncture against defendant Lawless

with respect to plaintiff's Eighth Amendment excessive-force claims and, in an abundance of caution, with respect to plaintiff's First Amendment retaliation claims. *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b). However, the complaint should otherwise be dismissed for failure to state a claim.

First, plaintiff's claims against defendant Lawless in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663. A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, defendant Lawless is immune from suit in his official capacity to the extent that plaintiff seeks monetary damages.

Next, although the Court has allowed plaintiff's First Amendment retaliation claims to

5

proceed at this juncture, plaintiff cannot state a claim for violation of his Eighth Amendment rights based on his allegations that Lawless used disparaging or threatening language against him. It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (in affirming dismissal of Eighth Amendment claim, the Sixth Circuit stated that "verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim"); *Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) (and Sixth Circuit cases cited therein) (dismissing an inmate's § 1983 claim alleging "verbal harassment" and "abusive language" by a state correctional officer). *Cf. Matthews v. Norristown State Hosp.*, 528 F. App'x 115, 119 (3d Cir. 2013) (and Sixth, Fifth and Tenth Circuit cases cited therein) ("mere threatening language does not amount to a constitutional violation").

      To the extent plaintiff brings claims against non-defendants for allegedly delayed grievances and falsified medical examinations, such claims are subject to dismissal. *See supra* note 2. In any event, such allegations are insufficient to state a claim upon which relief may be granted by this Court. The mere filing of an incomplete or false medical report does not state a claim of federal constitutional dimension. *See, e.g., Moore v. Casselberry,* 584 F. Supp. 2d 580, 582 (W.D.N.Y. 2008) (dismissing claim against a prison nurse for filing a false medical report in connection with an alleged assault on the prisoner-plaintiff by prison staff); *see also Jones v. Diebel,* No. 12-CV-00994, 2014 WL 7642090, at *4 n.6 (W.D.N.Y. Dec. 22, 2014) (Report & Recommendation), *adopted,* 2015 WL 224415 (W.D.N.Y. Jan. 15, 2015); *Rivera v. Tennis,* Civ. Act. No. 1:09-0888, 2010 WL 2838603, at *7 (M.D. Pa. May 20, 2010) (Report &

Recommendation), *adopted,* 2010 WL 2838605 (M.D. Pa. July 19, 2010). Furthermore, a prison inmate does not have an inherent constitutional right to an effective prison grievance procedure. *Young v. Gundy,* 30 F. App'x 568, 569–70 (6th Cir. 2002) (citing *Antonelli v. Sheahan,* 81 F.3d 1422, 1430–31 (7th Cir. 1996)). *See also Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003).

Similarly, plaintiff has failed to state a claim against Lawless for allegedly filing a false conduct report. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr,* No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process." *Reeves, supra,* 2012 WL 275166, at *2 (citing *Sandin v. Conner,* 515 U.S. 472, 485 (1995)). Here, however, plaintiff's alleged placement in segregation does not suggest that a liberty interest that triggers due process protections was at issue. *See Sandin*, 515 U.S. at 485 (holding that disciplinary segregation "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.").

Finally, to the extent plaintiff intends to allege a claim for failure to take corrective action (*see* Doc. 4, at PageID 42), § 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Such a claim is subject to dismissal.

Accordingly, in sum, the complaint may proceed at this juncture against defendant Lawless on plaintiff's Eighth Amendment excessive-force claims and First Amendment

y

retaliation claims.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's Eighth Amendment excessive-force claims and First Amendment retaliation claims against defendant Lawless.

## IT IS THEREFORE ORDERED THAT:

1.  The United States Marshal shall serve a copy of the complaint (Doc. 4), summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Brian Lawless.

2.  Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

 4/29/2020  
Date

Karen L. Litkovitz  
United States Magistrate Judge

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MICHAEL L. JOHNSON,
    Plaintiff,

vs

BRYAN LAWLESS,
    Defendant.

Case No. 1:20-cv-157

McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).