# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. JOHNSON,<br>  Plaintiff, | Case No. 1:20-cv-157 |
| vs | McFarland, J.<br>Litkovitz, M.J. |
| BRYAN LAWLESS,<br>  Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Toledo Correctional Institution, filed a pro se civil rights complaint and supplemental complaint against defendant corrections officer Bryan Lawless, in his official and individual capacities, for alleged violations of plaintiff's First and Eighth Amendment rights while plaintiff was housed at the Southern Ohio Correctional Facility. (*See* Doc. 1-2; Doc. 1-3). However, because it was unclear whether plaintiff had signed the complaints, the Court returned them to plaintiff and directed him to sign them should he wish to continue with this action. (Doc. 3). *See* Fed. R. Civ. P. 11. Upon plaintiff's return of the signed complaints (*See* Doc. 4), as well as his submission of another document (Doc. 6) that the Court construed as a second supplemental complaint, the Court screened the complaint, as supplemented, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

In an April 29, 2020 Order and Report and Recommendation, the Court recommended that the complaint be dismissed with prejudice with the exception of plaintiff's Eighth Amendment excessive-force claims and First Amendment retaliations claims against defendant Lawless. (Doc. 9, at PageID 90). The April 29, 2020 Order and Report and Recommendation is currently pending before the district judge.

Plaintiff has now filed a "Motion to Amend." (Doc. 13). "To meet the particularity requirements of Rule 7(b), 'a complete copy of the proposed amended complaint must accompany the motion [for leave to amend] so that both the Court and opposing parties can

understand the exact changes sought.'" *Williams v. Zumbiel Box & Packaging Co.*, No. 04-cv-675, 2005 WL 8161971, at *1 (S.D. Ohio Feb. 3, 2005) (quoting *Smith v. Planas,* 151 F.R.D. 547, 550 (S.D.N.Y. 1993)). Plaintiff has failed to comply with Rule 7(b). His motion to amend does not contain a copy of the proposed amended complaint or inform the Court regarding how plaintiff seeks to amend his complaint.

Rather, plaintiff asserts without explanation that the Court misunderstood the significance of the legal capacities in which he was suing the defendant and overlooked exhibits he submitted to supplement his complaint. (*See* Doc. 13, at PageID 101-02). The Court has reviewed plaintiff's complaint, as supplemented, and finds no basis upon which to reconsider its April 29, 2020 Order and Report and Recommendation. To the extent plaintiff suggests that the grievances he attached as exhibits to the supplement to his complaint contained in Document 6 contain additional claims, "it is the plaintiff's job, and not the Court's, to sift through his various grievances and both to decide, and plead with some level of specificity, what claims he intends to assert against what defendants[.]" *Stepter v. Warden, Hocking Corr. Facility*, No. 2:12-cv-01209, 2013 WL 4456043, at *2 (S.D. Ohio Aug. 16, 2013) (quoting *Mobley v. Warden London Corr. Inst.,* No. 2:09–cv–638, 2010 WL 518033, at *1 (S.D. Ohio Feb.1, 2010)).

**IT IS THEREFORE RECOMMENDED THAT** the Order and Report and Recommendation of April 29, 2020 (Doc. 9) be adopted in its entirety and that plaintiff's "Motion to Amend" (Doc. 13) be **DENIED.**

Date: June 8, 2020

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MICHAEL L. JOHNSON,　　　　　　　　　　Case No. 1:20-cv-157
　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　McFarland, J.
　vs　　　　　　　　　　　　　　　　　　Litkovitz, M.J.

BRYAN LAWLESS,
　　　Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3