# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. JOHNSON,<br>　　　Plaintiff, | Case No. 1:20-cv-157 |
| vs | McFarland, J.<br>Litkovitz, M.J. |
| BRYAN LAWLESS,<br>　　　Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Toledo Correctional Institution, has filed a pro se civil rights complaint against defendant corrections officer Bryan Lawless, in his official and individual capacities, for alleged violations of plaintiff's First and Eighth Amendment rights while plaintiff was housed at the Southern Ohio Correctional Facility. (*See* Doc. 8).

On April 29, 2020, the undersigned issued a Report and Recommendation that the complaint be dismissed with prejudice with the exception of plaintiff's Eighth Amendment excessive-force claims and First Amendment retaliation claims against defendant Lawless. (Doc. 9).[1] The April 29, 2020 Report and Recommendation further recommended that plaintiff's claims against defendant Lawless in an official capacity be dismissed to the extent that plaintiff seeks monetary damages. (Doc. 9, at PageID 87). On July 1, 2020, the District Court adopted the April 29, 2020 Report and Recommendation in its entirety. (Doc. 20). As such, in accordance with the undersigned's April 29, 2020 Report and Recommendation, adopted by the District Court on July 1, 2020, plaintiff's Eighth Amendment excessive-force claims and First Amendment retaliation claims against defendant Lawless remain pending at this juncture to the extent these claims seek damages

---

[1]On April 13, 2020, plaintiff filed document 6, which is titled "Declaration of Michael Johnson Plaintiff." (*See* Doc. 6). The declaration is not in the form required by 28 U.S.C. § 1746, *i.e.*, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746(2). Given plaintiff's pro se status, however, the Court liberally construed the document as a supplement to plaintiff's complaint and considered the allegations contained therein in the Court's initial review of the complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). (*See* Doc. 9).

against defendant Lawless in an individual capacity and declaratory relief.[2]

Currently before the Court is plaintiff's second motion for leave to amend his complaint (Doc. 22). As the Court has previously noted, "[t]o meet the particularity requirements of Rule 7(b), 'a complete copy of the proposed amended complaint must accompany the motion [for leave to amend] so that both the Court and opposing parties can understand the exact changes sought.'" *Williams v. Zumbiel Box & Packaging Co.*, No. 04-CV-675, 2005 WL 8161971, at *1 (S.D. Ohio Feb. 3, 2005) (quoting *Smith v. Planas,* 151 F.R.D. 547, 550 (S.D.N.Y. 1993)).[3] (Doc. 15, at PageID 109-10). Plaintiff's second motion for leave to amend his complaint, like his first motion to amend, does not comply with Rule 7(b). It does not contain a copy of the proposed amended complaint or inform the Court, other than in conclusory terms, regarding how plaintiff seeks to amend his complaint. Plaintiff's second motion for leave to amend his complaint (Doc. 22) should therefore be **DENIED.**

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's second motion for leave to amend his complaint (Doc. 22) be **DENIED.**

Date: 7/13/2020

Karen L. Litkovitz
United States Magistrate Judge

---

[2]Defendant Lawless filed an answer to the complaint on June 18, 2020 (Doc. 17).
[3]On June 8, 2020, the undersigned issued a Report and Recommendation (Doc. 15) that plaintiff's first motion to amend his complaint (Doc. 13) be denied for failure to comply with Fed. R. Civ. P. 7(b). The District Court adopted the undersigned's June 8, 2020 Report and Recommendation on July 1, 2020 (Doc. 20).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL L. JOHNSON,<br>    Plaintiff, | Case No. 1:20-cv-157 |
| vs | McFarland, J.<br>Litkovitz, M.J. |
| BRYAN LAWLESS,<br>    Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).