UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. JOHNSON,<br>    Plaintiff, | Case No. 1:20-cv-157 |
| vs. | McFarland, J.<br>Litkovitz, M.J. |
| BRYAN LAWLESS,<br>    Defendant. | **ORDER AND REPORT AND RECOMMENDATION** |

Plaintiff, an inmate at the Toledo Correctional Institution, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his First and Eighth Amendment rights while incarcerated at the Southern Ohio Correctional Facility (SOCF).[1] Plaintiff alleges that defendant used excessive force against him during a cell search pat down and retaliated against him for filing grievances and lawsuits against corrections officers.

On April 30, 2021, the defendant filed a motion for summary judgment (Doc. 62). In previously considering defendant's motion for summary judgment, the Court concluded that it lacked the evidence necessary to recommend resolution of defendant's motion. (Doc. 84). As the Court explained, the defendant attached to his motion documents that purport to be use of force reports, rules infraction board records, and grievance records, but he failed to provide any affidavits or declarations authenticating or explaining the documents or their origin. Similarly, defendant provided neither deposition testimony, sworn statements of any kind, or the video recording of the cell search in question to which both parties referred in their briefs. Even the responses to plaintiff's interrogatories and requests for admission—as pro se plaintiff noted—are

---

[1] Plaintiff's remaining claims were dismissed on sua sponte screening of the complaint pursuant to sections 804 and 805 of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Doc. 9).

unsigned and unverified.[2]  For the Court to consider such information, it must be submitted properly as evidence.

Accordingly, on January 24, 2022, the Court ordered the following: (1) Defendant must submit signed, verified responses to plaintiff's interrogatories and requests for admission and submit the same to both plaintiff and the Court no later than fifteen (15) days from the date of this Order; (2) Defendant must submit the video evidence referenced by both parties in their briefs no later than fifteen (15) days from the date of this Order; and (3) Both parties are granted leave to file supplemental evidence no later than fifteen (15) days from the date of this Order. (Doc. 84 at PAGEID 955). Despite the February 8, 2022 filing deadline, the defendant has filed nothing whatsoever. Plaintiff failed to file supplemental evidence, but he did file a motion to strike defendant's reply memorandum in support of the motion for summary judgment (Doc. 86).

Because the defendant failed to comply with the Court's January 24, 2022 Order, the Court must recommend that the defendant's motion for summary judgment be denied. Plaintiff's motion to strike the defendant's reply memorandum will be denied as moot and because plaintiff failed to comply with the Court's earlier order that he double-space his handwritten documents as required by local rule 5.1(a) to increase legibility. (Doc. 85 at PAGEID 956).

### IT IS THEREFORE ORDERED THAT:

Plaintiff's motion to strike (Doc. 86) is **DENIED**.

---

[2] On December 17, 2020, defendant's counsel assured the Court that the unsigned, unverified documents were a temporary placeholder due to defendant's covid-19-related quarantine and defendant would "endeavor to sign the documents and have them notarized as soon as possible." (Doc. 45 at PAGEID 219). Yet, he failed to do so.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant's motion for summary judgment (Doc. 62) be **DENIED WITHOUT PREJUDICE** for failure to comply with the Court's January 24, 2022 Order requiring the filing of supplemental evidence. The defendant may file a new motion for summary judgment once he complies with the Court's January 24, 2022 Order.

Date: 2/16/2022

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL L. JOHNSON,
    Plaintiff,

vs.

BRYAN LAWLESS,
    Defendant.

Case No. 1:20-cv-157

McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).