UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. JOHNSON, | : | |
| *Plaintiff*, | : : : | Case No. 1:20-cv-157 |
| v. | : : | Judge Jeffery P. Hopkins |
| BRYAN LAWLESS, | : : | Chief Magistrate Judge Karen L. Litkovitz |
| *Defendant*. | : : : | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation ("R&R") issued by Chief Magistrate Judge Karen L. Litkovitz on February 15, 2023 (Doc. 115), which recommends that this Court grant Defendant Bryan Lawless's Motion for Summary Judgment (Doc. 105) and deny Plaintiff's Cross-Motion for Summary Judgment (Doc. 107). Plaintiff Michael Johnson later filed Objections (Docs. 116, 118) to the R&R. After conducting a thorough *de novo* review, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Court **OVERRULES** the Objections (Docs. 116, 118), **ADOPTS** the R&R (Doc. 115), **GRANTS** Defendant's Motion for Summary Judgment (Doc. 105), and **DENIES** Plaintiff's Cross-Motion for Summary Judgment (Doc. 107).

### I.     BACKGROUND

Plaintiff Michael Johnson is a former inmate at the Southern Ohio Correctional Facility ("SOCF"). Johnson is now incarcerated at the Toledo Correctional Institution. He brings this prisoner civil rights action against an SOCF employee, Defendant Bryan Lawless,

concerning a use of force incident that occurred during a search of Johnson's cell on March 10, 2018.

According to Johnson, he was standing peacefully handcuffed from when Lawless patted him down with such force that it knocked him off balance and he had to "stand stronger." Doc. 111, PageID 1475. Johnson states he complied with Lawless's instruction to kick-off his shower shoes so they could be searched, but before he could comply Lawless pushed Johnson's face forward against the wall while using racial slurs and telling Johnson that Johnson would not sue him. *Id.* As Johnson tried to put his shower shoes back on, Lawless "pushed [him] again and then forced [his] hands up to [his] shoulder" level while forcibly walking Johnson "down the range" and into the shower. *Id.*

Defendant Lawless counters Plaintiff's story claiming first that Johnson refused to face forward during the pat down, and that Johnson had refused to take-off his shower shoes while he used aggressive and offensive language towards the corrections officers. Doc. 104-1, PageID 1260; Doc. 105-1, PageID 1311. According to Lawless, Johnson eventually complied with his second order to remove his shoes but turned towards the officers rather than facing forward as he had been instructed. Doc. 105-1, PageID 1311. Lawless claims he used his right hand to secure Johnson against the cell wall while another corrections officer, Michael Bailey, searched Johnson's shoes. *Id.* Once Johnson's shoes had been inspected, Lawless ordered him to put the shoes on, but Johnson "refused and continued to be argumentative pulling away from" Lawless. *Id.* Again, according to Lawless, that is when Lawless attempted to hold Johnson's left hand and elbow to escort him, but Johnson "continued to pull away and refuse orders to stop causing [Lawless's] hands to slip." *Id.* "To regain control of the situation with [Johnson] still pulling away and turning, [Lawless] placed [his] right arm across [Johnson's]

2

upper back securing [Johnson's] right shoulder and escorted him to the shower." *Id.* In his testimony, corrections officer Bailey largely corroborates Lawless's account of these events. *Id.* at PageID 1312.

In immediate aftermath of the incident, a medical officer from SOCF was called and examined Johnson with his shirt removed. *Id.* That examination revealed a "[s]mall superficial scratch" on Johnson's left hand approximately one-sixteenth of an inch long with no bleeding, swelling, or signs of infection. *Id.* Johnson also had a "[s]mall abrasion to right elbow" about one centimeter in diameter with no bleeding, swelling, or signs of infection. *Id.* There were no serious injuries recorded by the SOCF medical officer who examined Johnson with his shirt removed after the incident. *Id.*

Nevertheless, nearly two years later, on February 24, 2020, Johnson initiated this civil rights action under 42 U.S.C. § 1983 alleging violations of his First and Eighth Amendment rights under the United States Constitution during his incarceration at SOCF. Docs. 1, 8.[1] In the Complaint, Johnson largely alleges that Lawless used excessive force against him during the search of his cell and pat down, and subsequently retaliated against him for filing grievance charges against the corrections officers involved in the two-year-old incident which the medical officer found that only superficial injuries had occurred. *See generally*, Doc. 8.

In response to the Complaint, Lawless filed a Motion for Summary Judgment (Doc. 105) on August 3, 2022 (Doc. 105), and Johnson filed a Cross-Motion for Summary Judgment

---

[1] Johnson also alleged other claims that were dismissed after a sua sponte screening of the complaint under sections 804 and 805 of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Docs. 9, 20.

on September 7, 2022. Doc. 107.[2] On February 15, 2023, the Magistrate Judge recommended that Lawless's Motion for Summary Judgment be granted, and that Johnson's cross-motion be denied on the bases that there are no material facts in dispute regarding whether Lawless violated Johnson's First or Eighth Amendment rights. Doc. 115. Since then, Johnson filed Objections to the Magistrate Judge's R&R (Docs. 116, 118). Those Objections are now before the Court for consideration.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard of Review.

Defendant Lawless asks this Court to grant summary judgment on Plaintiff's claims that Defendants violated his First and Eight Amendments. The law on this subject in our Circuit is well established. "The 'part[ies] seeking summary judgment always bear[] the initial responsibility of informing the district court of the basis for [their] motion and identifying those portions' of the record which demonstrate 'the absence of a genuine issue of material fact.'" *Rudolph v. Allstate Ins. Co.*, No. 2:18-cv-1743, 2020 WL 4530600, at *3 (S.D. Ohio Aug. 6, 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

However, the non-moving party, here Plaintiff Johnson, cannot defeat summary judgment merely by pointing to *any* factual dispute. Indeed, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Int'l Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 697 (6th Cir. 2020) (bracket and emphases omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). In other words,

---

[2] The Court has construed Johnson's September 7, 2022, filing (Doc. 107) as a cross-motion for summary judgment and his September 14, 2022, filings (Docs. 110, 111) as supplemental memoranda in support of his summary judgment motion. Doc. 113, PageID 1501–02.

4

the dispute must be "genuine" (*i.e.*, supported by evidence) and go to a "material fact" (*i.e.*, a fact that could matter to the outcome).

After reviewing the evidence relied upon by the parties, the Court then must determine whether there is some "sufficient disagreement" that necessitates submitting the matter to a jury. *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251–52). In making that determination, though, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) ("In arriving at a resolution, the court must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party.").

Because Johnson is a *pro se* or unrepresented litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (*pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). A party's status as a *pro se* litigant, however, does not alter the party's duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 851-52 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a *pro se* party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

**B.     Johnson's Option to Object to the R&R.**

As noted, objections to a report and recommendation are reviewed de novo by the district court. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

5

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). In sum, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"Like the filings of many pro se prisoners," objections to reports and recommendations are often "written in a stream of consciousness style that tries to throw as broad of a legal reach as possible by citing to legal principles that are not directly applicable or are only tangentially related to the merits of [a] case." *Jones v. City of Fairlawn*, No. 5:03-cv-1976, 2005 WL 3543970, at *1 (N.D. Ohio Dec. 28, 2005). When a prisoner litigant offers only general objections, it "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017) (citing *Howard* but noting that the Supreme Court instructs that "the objections of a petitioner appearing pro se [shall] be construed liberally"). "[A] general objection to the entirety of a magistrate's report, without specifying a single issue of contention, fails to satisfy" this specificity requirement. *Howard*, 932 F.2d at 509.

Johnson objects to five of the Magistrate Judge's findings in the R&R: (1) that he failed to raise a genuine issue of material fact on the subjective and objective components of his Eighth Amendment claim (Doc. 116-1, PageID 1523); (2) that the use of force by Lawless was insufficient to amount to a constitutional injury (*Id.* at PageID 1529–31); (3) that Johnson has failed to show a dispute of material fact concerning the objective component of his Eighth Amendment claim *(Id.* at PageID 1531–33); (4) that Johnson failed to identify or otherwise offer evidence of his protected conduct to support his First Amendment retaliation claim (*Id.* at PageID 1533–35); and (5) that Lawless is immune from suit in his official capacity *(Id.* at

6

PageID 1536)³ Construing Johnson's filing as favorably to him as possible, the Court finds that his objections lack merit.

### i. Objection One.

Johnson's first objection concerns his Eighth Amendment excessive force claim. However, Johnson has failed to identify a specific aspect of the R&R to support his objection. *See* Doc. 116-1, PageID 1523–28. In fact, his objection largely recites an Order issued by the Magistrate Judge on December 15, 2022, that is not relevant to the R&R before the Court. *Compare Id.* at PageID 1524–26 *with* Doc. 113. Due to his failure to file a specific objection to the R&R, the Court finds that Johnson has failed to satisfy the specificity requirement as mandated by the Sixth Circuit in *Howard*. The Court therefore **OVERRULES** Johnson's first objection.

### ii. Objection Two and Three.

Regarding Johnson's second and third objections, the Court construes them together because they both concern the injury Johnson allegedly suffered at the hands of Lawless during the search of his cell and person. Between the two objections, Johnson questions the Magistrate Judge's finding that he did not satisfy the objective component of an Eighth Amendment excessive force claim because "[t]he injuries he suffered were de minimis." Doc. 115, PageID 1513. Johnson's objections ask a rhetorical question: "[h]ow did I get rammed face forward against the wall with my hands cuffed behind my back after I put my shower shoes on with no help after Bailey shoe search." Doc. 116-1, PageID 1530.

---

³ Johnson makes a sixth objection concerning the Magistrate Judge's findings. But that objection concerns a prior order issued by the Magistrate Judge that denied Johnson's motion for leave to file motion for summary judgment as moot. Doc. 116-1, PageID 1537; *see* Docs. 97, 113. That finding is not relevant to the R&R before the Court.

7

Eighth Amendment excessive force claims include both a subjective and an objective component. C*ordell v. McKinney*, 759 F.3d 573, 580–81 (6th Cir. 2014); *see also White v. Erdos*, No. 21-3169, 2022 WL 554065, at *2 (6th Cir. Jan. 28, 2022). The subjective component focuses on the prison official's state of mind, while the objective component analyzes whether the pain inflicted on the prisoner was "sufficiently serious." *Cordell*, 759 F.3d at 580. As the Magistrate Judge outlined "de minimis uses of physical force do not satisfy the objective component [of an Eighth Amendment claim], as long as the use of force is not of a sort repugnant to the conscience of mankind." *Bullocks v. Hale*, No. 20-3428, 2021 WL 1578198, at *2 (6th Cir. Mar. 1, 2021) (quotations omitted).

Plainly, Johnson's objections do not upset the Magistrate Judge's finding that his injuries were *de minimis*. The Magistrate Judge cited the medical exam report completed the day of the incident that showed Johnson suffered a "small scratch" on his left hand and a "one-centimeter abrasion with no bleeding or swelling." Doc. 115, PageID 1514 (citing Doc. 105-1, PageID 1329). The factual issues posed by Johnson concerning how he was "rammed face forward," (Doc. 116-1, PageID 1530), does nothing to show that he suffered additional, non-*de minimis* injuries. Accordingly, the Court finds that the Magistrate Judge correctly found that Johnson failed to offer evidence to raise a genuine issue of material fact that Lawless used excessive force in violation of the Eighth Amendment. Johnson's second and third objections are **OVERRULED**.

### iii. Objection Four

Next, Johnson objects to the Magistrate Judge's finding that he "has failed to satisfy the first element of his retaliation claim, i.e., that he engaged in protected conduct." Doc. 115, PageID 1515; *see also* Doc. 116-1, PageID 1534. Johnson's objection is again posed as

question, asking "why the magistrate judge . . . did not give the plaintiff another chance to offer evidence . . . ." Doc. 116-1, PageID 1534. The Court finds that Johnson's objection is not specific enough to warrant further analysis because it is a general objection that is not directly applicable to the merits of the case. The Court thus **OVERRULES** Johnson's fourth objection.

### iv. Objection Five.

Last, Johnson objects to the Magistrate Judge's finding that Lawless is entitled to qualified immunity because Johnson failed to demonstrate that Lawless violated a constitutional right. Doc. 116-1, PageID 1536. He states that because he sued Lawless in his individual capacity, Lawless "is not immune from suit." *Id.* However, that is not so. The Magistrate Judge correctly determined in the R&R that:

> As to individual capacity claims, "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Murray v. Dep't of Corrections*, 29 F.4th 779, 786 (6th Cir. 2022) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1986)). To avoid a finding of qualified immunity at the summary judgment stage, a plaintiff must demonstrate: "(1) 'that government officials violated a constitutional right,' and (2) 'that the unconstitutionality of their conduct was clearly established when they acted.'" *Id.* (quoting *Beck v. Hamblen Cty.*, 969 F.3d 592, 598 (6th Cir. 2020)).

Doc. 115, PageID 1517–18. Because Johnson has failed to demonstrate that Lawless violated a constitutional right, the Magistrate Judge correctly found that Lawless is entitled to qualified immunity on Johnson's claims. Accordingly, Johnson's fifth objection is **OVERRULED**.

## III. CONCLUSION

This Court **OVERRULES** Plaintiff Johnson's Objections (Docs. 116, 118), **ADOPTS** the R&R (Doc. 115), and **GRANTS** summary judgment in favor of Defendant Lawless (Doc.

9

105) and **DENIES** Johnson's memoranda construed as the Cross-Motion for Summary Judgment (Doc. 107).

The Court **DIRECTS** the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated:  September 26, 2024

Hon. Jeffery P. Hopkins
United States District Judge